# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:16CR00041-15 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SHAUNA NICOLE CHAFIN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Shauna Nicole Chafin, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty without the benefit of a plea agreement, the defendant was sentenced by this court on June 21, 2017, to a term of 97 months imprisonment on Count I of the Indictment, which charged the defendant with conspiring to manufacture, distribute, and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, and conspiring to knowingly and intentionally use a communication facility in committing the offense, in violation of 21 U.S.C. § 843(b).

In her § 2255 motion, the defendant contends that her counsel was ineffective in failing to request a minor or minimal role reduction pursuant to U.S. Sentencing Guidelines Manual ("USSG").

To state a viable claim for relief under § 2255, a defendant must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but

for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

The sentencing guideline upon which Chafin relies states:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

USSG § 3B1.2

Chafin has not shown that her counsel's failure to request such a reduction was an unprofessional error or that it prejudiced her. Had her counsel made such a request, I would have denied it because she was not a minor or minimal participant.

As detailed by the United States during her guilty plea hearing, Chafin received methamphetamine from her coconspirators, which she then distributed. Chafin expressly stated under oath that she did not contest these facts recited by the prosecutor. At her sentencing hearing, I heard evidence that a confidential informant purchased more than three grams of methamphetamine from Chafin in one transaction. On another occasion, Chafin was found in possession of

distribution quantities of methamphetamine. Approximately two months after she was arrested on the Indictment in this case, she sold drugs again as part of a separate conspiracy involving different coconspirators.

The government requested an upward variance in her sentence, and the defendant requested a downward departure, in part because Chafin cooperated with the government. I carefully considered all the evidence and arguments made on behalf of the United States and the defendant, and I imposed a sentence that I found to be sufficient but not greater than necessary to comply with the required purposes. I noted that Chafin's conduct was very serious and stated that I did not believe a downward variance or departure was appropriate in this case. I sentenced Chafin at the high end of the guideline range. I indicated that I believed it would be difficult to deter Chafin from further criminal conduct and predicted that she was likely to sell drugs again in the future. I concluded that a lengthy term of imprisonment was necessary to protect the public.

Chafin has not pointed to any evidence that would warrant a minor role reduction. In fact, she played an active and significant role in the conspiracy by obtaining substantial quantities of methamphetamine directly from Brandon Stone and Tracy Callihan, who were key players in the conspiracy, and then distributing it. The evidence presented at her guilty plea hearing and sentencing hearing was sufficient to support her sentence and showed that she was not entitled to a minor

role reduction. Therefore, her counsel was not ineffective for failing to request one, as she has not established prejudice for this alleged omission.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: February 12, 2019

/s/ James P. Jones
United States District Judge